**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| RUBEN ANDRADE, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAMAMANCINIS INC., MAMA'S CREATIONS, INC., CROWN 1 FOODS, INC.,<br><br>Defendants. | ) | Case No. 26-cv-07222<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

For their Answer and Defenses to Plaintiff's Collective and Class Action Complaint and Demand for Jury Trial ("Complaint"), Defendants MamaMancini's Inc. ("MamaMancini's"), Mama's Creations, Inc. ("Mama's Creations"), and Crown 1 Foods, Inc. ("Crown 1") (collectively, "Defendants") deny each allegation, claim, and thing set forth in the Complaint, except as hereafter expressly admitted, qualified, or explained.

## NATURE OF THE ACTION

1. Defendants admit that Plaintiff has asserted claims under New York state wage-and-hour laws and purports to bring collective and class action claims, but deny any wrongdoing or liability under the New York state wage-and-hour laws (or any other law), deny that Plaintiff is entitled to any damages, and deny that Plaintiff is entitled to collective or class action relief. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants admit that Plaintiff was employed by Mama's Creations as an exempt and non-exempt employee. Defendants further admit that they presently employ non-exempt and

exempt workers in New York and other states. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants admit that Plaintiff seeks to recover unpaid compensation on behalf of similarly situated employees under the New York Labor Law ("NYLL") and applicable Wage Orders, but deny any wrongdoing or liability under the NYLL and applicable Wage Orders (or any other statute), deny that Plaintiff can establish class claims, and deny that Plaintiff or the putative class members are entitled to any damages.

## THE PARTIES

***Plaintiff Ruben Andrade***

8. Defendants admit the allegations in Paragraph 8 of the Complaint on information and belief.

9. Paragraph 9 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Mama's Creations employed Plaintiff. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants admit that Plaintiff was employed by Mama's Creations as an exempt employee at Mama's Creations' Bay Shore location from approximately September 2025 to March 2026 and as a non-exempt worker from approximately March 2026 to April 2026. Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

***Defendants***

14. Defendants admit the allegations in Paragraph 14 of the Complaint.

15. Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Mama's Creations employed Plaintiff. Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Responding to the allegations in Paragraph 19 of the Complaint, Defendants deny that they unlawfully caused any injuries or damages to Plaintiff or the purported FLSA Collective Members, Hourly Class Members, and Salaried Class Members. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's knowledge and plans relating to this litigation, and therefore, deny the same. The definition of "Defendants" as the term is used in the Complaint is not a factual allegation to which Defendants can respond. Accordingly, Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Mama's Creations employed Plaintiff and maintained control, oversight, and direction over Plaintiff, including supervising and directing his work, keeping payroll and timekeeping records for him, maintaining operations and payroll systems for the facility in which Plaintiff worked, and directing and evaluating Plaintiff's work. Plaintiff's allegations regarding "various performance metrics" and "tracking the tasks

performed" are too vague and ambiguous to permit a response, therefore, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Responding to the allegations in Paragraph 23 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about what Plaintiff "is informed and believes," and therefore deny the same.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Mama's Creations employed Plaintiff. Defendants further admit that Crown 1 and MamaMancini's employ individuals but deny that MamaMancini's and Crown 1 ever employed Plaintiff. Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Mama's Creations employed Plaintiff. Defendants further admit that Crown 1 and MamaMancini's employ individuals but deny that Crown 1 and MamaMancini's ever employed Plaintiff. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that they produce food products. Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required.

## JURISDICTION AND VENUE

28. Defendants deny the allegations in Paragraph 28 of the Complaint and affirmatively state that this case was properly removed from state court to the United States District Court for the Eastern District of New York (the "federal court") pursuant to 28 U.S.C. §§ 1331, 1441, 1446. Therefore, the federal court has subject matter jurisdiction over this case.

29. Defendants deny the allegations in Paragraph 29 of the Complaint and affirmatively state that this case was properly removed from state court to federal court pursuant to 28 U.S.C. § 1331. Therefore, the federal court has subject matter jurisdiction over this case.

30. Responding to the allegations in Paragraph 30 of the Complaint, Defendants admit that they regularly transact business in New York and that the federal court has personal jurisdiction over Defendants. Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint and affirmatively state that venue is proper in the federal court because a substantial part of the events giving rise to Plaintiff's claims occurred in Bay Shore, New York.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Responding to the allegations in Paragraph 33 of the Complaint, Defendants admit that Plaintiff has asserted a claim under the Fair Labor Standards Act ("FLSA") and purports to bring this action on his own behalf and on behalf of other persons similarly situated. The definitions for "Hourly FLSA Collective" and "Salaried FLSA Collective" are not factual allegations to which Defendants can respond. Accordingly, Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34. Responding to the allegations in Paragraph 34 of the Complaint, the definitions for "FLSA Collective" and "FLSA Collective Members" are not factual allegations to which Defendants can respond. Accordingly, Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Responding to the allegations in Paragraph 35 of the Complaint, Defendants admit that Plaintiff purports to bring this action on behalf of those he has defined as "FLSA Collective Members" pursuant to 29 U.S.C. § 216(b) but deny that this action is suitable for collective action treatment and deny that they are liable for any wrongful or unlawful conduct under the FLSA. The remaining allegations in Paragraph 35 are not factual allegations to which Defendants can respond. Accordingly, Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. Responding to the allegations in Paragraph 36 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's consent and plans relating to this litigation, and therefore, deny the same. Defendants admit that if the putative collective is conditionally certified, collective members will have to provide a written consent to opt in to the action and agree to be bound by the outcome. However, Defendants deny that conditional certification is appropriate here and deny the remaining allegations in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint does not contain factual allegations to which Defendants can respond. Accordingly, Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants admit that they can identify former exempt and non-exempt employees who worked for Defendants in New York but deny that these individuals should be part of a putative collective and deny that these individuals can maintain FLSA claims against Defendants. Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

**CLASS ALLEGATIONS**
**(As to the Hourly Class)**

42. Responding to the allegations in Paragraph 42 of the Complaint, Defendants admit that Plaintiff has asserted class claims under NY CPLR § 901 and purports to bring this action on his own behalf and on behalf of other persons similarly situated. The definition for "Hourly Class" is not a factual allegation to which Defendants can respond. Accordingly, Defendants deny the remaining allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint does not contain factual allegations to which Defendants can respond. Accordingly, Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains legal conclusions to which no response is required.

***Numerosity and Ascertainability***

45. Responding to the allegations in Paragraph 45 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's knowledge about the purported "Hourly Class," and therefore, deny the same.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that they can identify non-exempt employees who worked for Defendants in New York but deny that these individuals should be part of a putative class and deny that these individuals can maintain claims under New York law against Defendants.

***Common Questions of Law and/or Fact***

48. Paragraph 48 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48 of the Complaint.

***Typicality***

49. Paragraph 49 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

***Adequacy***

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint, and therefore, deny the same.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint, and therefore, deny the same.

***Superiority***

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint, and therefore, deny the same.

**CLASS ALLEGATIONS**
**(As to the Salaried Class)**

59. Responding to the allegations in Paragraph 59 of the Complaint, Defendants admit that Plaintiff has asserted class claims under NY CPLR § 901 and purports to bring this action on his own behalf and on behalf of other persons similarly situated. The definition for "Salaried Class" is not a factual allegation to which Defendants can respond. Accordingly, Defendants deny the remaining allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint does not contain factual allegations to which Defendants can respond. Accordingly, Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint contains legal conclusions to which no response is required.

62. Responding to the allegations in Paragraph 62 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's knowledge about the purported "Salaried Class," and therefore, deny the same.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that they can identify exempt employees who worked for Defendants in New York but deny that these individuals should be part

of a putative class and deny that these individuals can maintain claims under New York law against Defendants.

***Common Questions of Law and/or Fact***

65. Paragraph 65 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65 of the Complaint.

***Typicality***

66. Paragraph 66 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

***Adequacy***

71. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint, and therefore, deny the same.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint, and therefore, deny the same.

***Superiority***

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint, and therefore, deny the same.

## COMMON FACTUAL ALLEGATIONS
**(As to the Hourly FLSA Collective and Hourly Class)**

76. Responding to the allegations in Paragraph 76 of the Complaint, Defendants admit that Plaintiff was employed as a non-exempt employee by Mama's Creations from approximately March 2026 to April 2026. Defendants deny the remaining allegations in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Mama's Creations employed Plaintiff. Defendants further admit that Crown 1 and MamaMancini's employ individuals but deny that Crown 1 and MamaMancini's ever employed Plaintiff. Defendants deny the remaining allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants admit the allegations in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 162 speaks for itself. Defendants deny the remaining allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, Plaintiff's allegations regarding requirements under "New York law" are too vague and ambiguous to permit a response, therefore, Defendants deny the same.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, 12 NYCRR § 142-2.5 speaks for itself. Defendants deny the remaining allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Responding to the allegations in Paragraph 95, Defendants lack information and knowledge sufficient to form a belief about Plaintiff's knowledge and belief about his allegations, and therefore, deny the same. Defendants further deny that they engaged in any unlawful conduct with respect to Plaintiff or the purported "Hourly FLSA Collective Members" and "Hourly Class Members."

96. Defendants admit the allegations in Paragraph 96 of the Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Complaint.

## COMMON FACTUAL ALLEGATIONS
**(As to the Salaried FLSA Collective and Salaried Class)**

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Defendants deny the allegations in Paragraph 99 of the Complaint.

100. Defendants admit the allegations in Paragraph 100 of the Complaint.

101. Responding to the allegations in Paragraph 101 of the Complaint, Defendants admit that Mama's Creations had the authority to hire and terminate Plaintiff, set work rules and conditions governing Plaintiff's employment, and supervise his employment activities while he was employed by each entity. Defendants deny that Crown 1 and MamaMancini's ever employed Plaintiff or had control over his employment. Defendants deny the remaining allegations in Paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit Mama's Creations employed Plaintiff. Defendants further admit that Crown 1 and MamaMancini's employ individuals but deny that Crown 1 and MamaMancini's ever employed Plaintiff. Defendants deny the remaining allegations in Paragraph 102 of the Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Complaint.

104. Defendants admit the allegations in Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 162 speaks for itself. Defendants deny the remaining allegations in Paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, Plaintiff's allegations regarding requirements under "New York law" are too vague and ambiguous to permit a response, therefore, Defendants deny the same.

107. Defendants deny the allegations in Paragraph 107 of the Complaint.

108. Defendants deny the allegations in Paragraph 108 of the Complaint.

109. Defendants deny the allegations in Paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, 12 NYCRR § 142-2.5 speaks for itself. Defendants deny the remaining allegations in Paragraph 110 of the Complaint.

111. Defendants deny the allegations in Paragraph 111 of the Complaint.

112. Defendants deny the allegations in Paragraph 112 of the Complaint.

113. Defendants deny the allegations in Paragraph 113 of the Complaint.

114. Defendants deny the allegations in Paragraph 114 of the Complaint.

115. Defendants deny the allegations in Paragraph 115 of the Complaint.

116. Defendants deny the allegations in Paragraph 116 of the Complaint.

117. Defendants deny the allegations in Paragraph 117 of the Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Complaint.

120. Responding to the allegations in Paragraph 120, Defendants lack information and knowledge sufficient to form a belief about Plaintiff's knowledge and belief about his allegations, and therefore, deny the same. Defendants further deny that they engaged in any unlawful conduct with respect to Plaintiff or the purported "Salaried FLSA Collective Members" and "Salaried Class Members."

121. Defendants deny the allegations in Paragraph 121 of the Complaint.

**FIRST CAUSE OF ACTION: FLSA – OVERTIME WAGES**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 207**
**(Brought on Behalf of Plaintiff and the FLSA Collective)**

122. Defendants allege and by this reference fully incorporate Paragraphs 1 through 121 of their Answer as though fully set forth here.

123. Defendants admit that Plaintiff has accurately quoted the statute cited and deny any remaining allegations in Paragraph 123 of the Complaint.

124. Defendants deny the allegations in Paragraph 124 of the Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Complaint.

126. Defendants deny the allegations in Paragraph 126 of the Complaint.

127. Defendants deny the allegations in Paragraph 127 of the Complaint.

128. Defendants deny the allegations in Paragraph 128 of the Complaint.

129. Defendants deny the allegations in Paragraph 129 of the Complaint.

**SECOND CAUSE OF ACTION: NEW YORK OVERTIME WAGES**
**Violations of NYLL Articles 6, § 190, and 19, § 650 *et seq*., and Supporting Regulations, including, *inter alia*, 12 NYCRR Part 142**
**(Brought on Behalf of Plaintiff and the Hourly Class)**

130. Defendants allege and by this reference fully incorporate Paragraphs 1 through 129 of their Answer as though fully set forth here.

131. Defendants deny the allegations in Paragraph 131 of the Complaint.

132. Defendants deny the allegations in Paragraph 132 of the Complaint.

133. Defendants deny the allegations in Paragraph 133 of the Complaint.

134. Defendants deny the allegations in Paragraph 134 of the Complaint.

135. Defendants deny the allegations in Paragraph 135 of the Complaint.

136. Defendants deny the allegations in Paragraph 136 of the Complaint.

**THIRD CAUSE OF ACTION: NEW YORK NON-OVERTIME WAGES**
**Violations of NYLL Articles 6 and 19, § 650 *et seq*., and Applicable Wage Order, including, *inter alia*, 12 NYCRR Part 142**
**(Brought on Behalf of Plaintiff and the Hourly Class)**

137. Defendants allege and by this reference fully incorporate Paragraphs 1 through 136 of their Answer as though fully set forth here.

138. Defendants deny the allegations in Paragraph 138 of the Complaint.

139. Defendants deny the allegations in Paragraph 139 of the Complaint.

140. Defendants deny the allegations in Paragraph 140 of the Complaint.

141. Defendants deny the allegations in Paragraph 141 of the Complaint.

142. Defendants deny the allegations in Paragraph 142 of the Complaint.

143. Defendants deny the allegations in Paragraph 143 of the Complaint.

144. Defendants deny the allegations in Paragraph 144 of the Complaint.

145. Defendants deny the allegations in Paragraph 145 of the Complaint.

**FOURTH CAUSE OF ACTION: FAILURE TO TIMELY PAY WAGES**
**Violation of NYLL Articles 6, § 191**
**(Brought on Behalf of Plaintiff and the Hourly Class)**

146. Defendants allege and by this reference fully incorporate Paragraphs 1 through 145 of their Answer as though fully set forth here.

147. Paragraph 147 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 191 speaks for itself. Defendants deny the remaining allegations in Paragraph 147 of the Complaint.

148. Paragraph 148 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 191 speaks for itself. Defendants deny the remaining allegations in Paragraph 148 of the Complaint.

149. Paragraph 149 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 191 speaks for itself. Defendants deny the remaining allegations in Paragraph 149 of the Complaint.

150. Responding to the allegations in Paragraph 150, Defendants lack information and knowledge sufficient to form a belief about Plaintiff's knowledge and belief about his allegations,

and therefore, deny the same. Defendants further deny that they failed to pay Plaintiff and the purported "Hourly Class Members" what they were owed for wages, business expenses, and any other amounts they were entitled to be paid.

151. Paragraph 151 of the Complaint contains a legal conclusion to which no response is required.

152. Defendants deny the allegations in Paragraph 152 of the Complaint.

153. Defendants deny the allegations in Paragraph 153 of the Complaint.

**FIFTH CAUSE OF ACTION: NOTICE UPON HIRING**
**Violation of NYLL Articles 6, § 195(1)(a)**
**(Brought on Behalf of Plaintiff and the Hourly Class)**

154. Defendants allege and by this reference fully incorporate Paragraphs 1 through 153 of their Answer as though fully set forth here.

155. Paragraph 155 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 195(1)(a) speaks for itself. Defendants deny the remaining allegations in Paragraph 155 of the Complaint.

156. Paragraph 156 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 195(1)(a) speaks for itself. Defendants deny the remaining allegations in Paragraph 156 of the Complaint.

157. Paragraph 157 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 195(2) speaks for itself. Defendants deny the remaining allegations in Paragraph 157 of the Complaint.

158. Defendants deny the allegations in Paragraph 158 of the Complaint.

159. Defendants deny the allegations in Paragraph 159 of the Complaint.

160. Defendants deny the allegations in Paragraph 160 of the Complaint.

161. Defendants deny the allegations in Paragraph 161 of the Complaint.

162. Defendants deny the allegations in Paragraph 162 of the Complaint.

**SIXTH CAUSE OF ACTION: WAGE STATEMENTS**
**Violation of NYLL Articles 6, § 195(3)**
**(Brought on Behalf of Plaintiff and the Hourly Class)**

163. Defendants allege and by this reference fully incorporate Paragraphs 1 through 162 of their Answer as though fully set forth here.

164. Paragraph 164 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 195(3) speaks for itself. Defendants deny the remaining allegations in Paragraph 164 of the Complaint.

165. Defendants deny the allegations in Paragraph 165 of the Complaint.

166. Defendants deny the allegations in Paragraph 166 of the Complaint.

167. Defendants deny the allegations in Paragraph 167 of the Complaint.

**SEVENTH CAUSE OF ACTION: NEW YORK OVERTIME WAGES**
**Violation of NYLL Articles 6, § 190, and 19, § 650 *et seq*., and Supporting Regulations, including, *inter alia*, 12 NYCRR Part 142**
**(Brought on Behalf of Plaintiff and the Salaried Class)**

168. Defendants allege and by this reference fully incorporate Paragraphs 1 through 167 of their Answer as though fully set forth here.

169. Defendants deny the allegations in Paragraph 169 of the Complaint.

170. Defendants deny the allegations in Paragraph 170 of the Complaint.

171. Defendants deny the allegations in Paragraph 171 of the Complaint.

172. Defendants deny the allegations in Paragraph 172 of the Complaint.

173. Defendants deny the allegations in Paragraph 173 of the Complaint.

174. Defendants deny the allegations in Paragraph 174 of the Complaint.

**EIGHTH CAUSE OF ACTION: NEW YORK NON-OVERTIME WAGES**
**Violation of NYLL Articles 6 and 19, § 650 *et seq*., and Applicable Wage Orders, including, *inter alia*, 12 NYCRR Part 142**
**(Brought on Behalf of Plaintiff and the Salaried Class)**

175. Defendants allege and by this reference fully incorporate Paragraphs 1 through 174 of their Answer as though fully set forth here.

176. Defendants deny the allegations in Paragraph 176 of the Complaint.

177. Defendants deny the allegations in Paragraph 177 of the Complaint.

178. Defendants deny the allegations in Paragraph 178 of the Complaint.

179. Defendants deny the allegations in Paragraph 179 of the Complaint.

180. Defendants deny the allegations in Paragraph 180 of the Complaint.

181. Defendants deny the allegations in Paragraph 181 of the Complaint.

182. Defendants deny the allegations in Paragraph 182 of the Complaint.

183. Defendants deny the allegations in Paragraph 183 of the Complaint.

**NINTH CAUSE OF ACTION: FAILURE TO TIMELY PAY WAGES**
**Violation of NYLL Article 6, § 191**
**(Brought on Behalf of Plaintiff and the Salaried Class)**

184. Defendants allege and by this reference fully incorporate Paragraphs 1 through 183 of their Answer as though fully set forth here.

185. Paragraph 185 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 191 speaks for itself. Defendants deny the remaining allegations in Paragraph 185 of the Complaint.

186. Paragraph 186 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 191 speaks for itself. Defendants deny the remaining allegations in Paragraph 186 of the Complaint.

187. Paragraph 187 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 191 speaks for itself. Defendants deny the remaining allegations in Paragraph 187 of the Complaint.

188. Responding to the allegations in Paragraph 188, Defendants lack information and knowledge sufficient to form a belief about Plaintiff's knowledge and belief about his allegations, and therefore, deny the same. Defendants further deny that they failed to pay Plaintiff and the purported "Salaried Class Members" what they were owed for wages, business expenses, and any other amounts they were entitled to be paid.

189. Paragraph 189 of the Complaint contains a legal conclusion to which no response is required.

190. Defendants deny the allegations in Paragraph 190 of the Complaint.

191. Defendants deny the allegations in Paragraph 191 of the Complaint.

**TENTH CAUSE OF ACTION: NOTICE UPON HIRING**
**Violation of NYLL Article 6, § 195(1)(a)**
**(Brought on Behalf of Plaintiff and the Salaried Class)**

192. Defendants allege and by this reference fully incorporate Paragraphs 1 through 191 of their Answer as though fully set forth here.

193. Paragraph 193 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 195(1)(a) speaks for itself. Defendants deny the remaining allegations in Paragraph 193 of the Complaint.

194. Paragraph 194 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 195(1)(a) speaks for itself. Defendants deny the remaining allegations in Paragraph 194 of the Complaint.

195. Paragraph 195 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 195(2) speaks for itself. Defendants deny the remaining allegations in Paragraph 195 of the Complaint.

196. Defendants deny the allegations in Paragraph 196 of the Complaint.

197. Defendants deny the allegations in Paragraph 197 of the Complaint.

198. Defendants deny the allegations in Paragraph 198 of the Complaint.

199. Defendants deny the allegations in Paragraph 199 of the Complaint.

200. Defendants deny the allegations in Paragraph 200 of the Complaint.

**ELEVENTH CAUSE OF ACTION: WAGE STATEMENTS**
**Violation of NYLL Article 6, § 195(3)**
**(Brought on Behalf of Plaintiff and the Salaried Class)**

201. Defendants allege and by this reference fully incorporate Paragraphs 1 through 200 of their Answer as though fully set forth here.

202. Paragraph 202 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, NYLL § 195(3) speaks for itself. Defendants deny the remaining allegations in Paragraph 202 of the Complaint.

203. Defendants deny the allegations in Paragraph 203 of the Complaint.

204. Defendants deny the allegations in Paragraph 204 of the Complaint.

205. Defendants deny the allegations in Paragraph 205 of the Complaint.

**AFFIRMATIVE DEFENSES**

Without admitting any of the facts alleged by Plaintiff, Defendants plead the following separate and affirmative defenses to the Complaint:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. To the extent Plaintiff and any collective action members were classified as exempt, they were properly classified, including but not limited to, under the executive and administrative exemptions.

3. This action is not a proper collective action because Plaintiff cannot establish the existence of each of the requirements under 29 U.S.C. § 216(b) or other relevant legal authority.

4. This action is not a proper class action because Plaintiff cannot establish the existence of each of the requirements under N.Y. C.P.L.R. § 901 or other relevant legal authority.

5. Some or all of the claims of Plaintiff, any collective action members, and/or any putative class members are barred, in whole or in part, by the applicable statute of limitations.

6. At all times relevant to this action, Defendants acted in good faith, on reasonable grounds, and with reasonable belief that they were in full compliance with the FLSA and NYLL.

7. Plaintiff has no standing to sue Defendants MamaMancini's or Crown 1 because Plaintiff was never employed by either entity.

8. If Defendants engaged in the unlawful acts and/or omissions alleged in the Complaint, which they deny, they did not do so willfully.

9. Plaintiff and the putative class members cannot plead Counts V, VI, X, and XI as class claims under N.Y. C.P.L.R. § 901(b).

10. Counts IV and IX are barred because Plaintiff and any putative class members cannot assert a private right of action under NYLL Article 6, § 191.

11. Defendants timely paid all manual workers as required by NYLL Article 6, § 191.

12. Any work performed off the clock by Plaintiff or any collective action member was not compensable time.

13. Defendants paid all business expenses for Plaintiff, any collective action members, and any putative class members as required by applicable law.

14. Defendants had a good faith basis, within the meaning of NYLL § 663, to believe any failure to pay Plaintiff and any putative class members minimum and regular wages complied with New York law.

15. Defendants made a good faith effort to comply with New York law with respect to compensating Plaintiff and any salaried putative class members.

16. Because the Complaint is pleaded in conclusory terms, Defendants cannot fully anticipate all additional and affirmative defenses that may be applicable to this action and therefore reserve the right to assert any and all additional or affirmative defenses that may become applicable based on information learned during the course of this litigation, including discovery, trial, or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that Plaintiff takes nothing and that this Court: (i) enter judgment in favor of Defendants; (ii) dismiss the Complaint with prejudice; and (iii) grant Defendants such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants admit Plaintiff requests a trial by jury. Whether Plaintiff is entitled to a jury trial is a legal question to which no response is required. To the extent a response is required, Defendants specifically object to a jury determination of any equitable issues in this action and any other issue, damage, or remedy for which a jury trial is not available by statute or law.

**FAEGRE DRINKER BIDDLE & REATH LLP**

Dated: November 16, 2026

*/s/ Eric M. Flagg*
Eric M. Flagg (Atty. ID No. 5754130)
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
Email: *eric.flagg@faegredrinker.com*

Andrew Murphy*
Hannah Camilleri Hughes*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: *andrew.murphy@faegredrinker.com*
*hannah.hughes@faegredrinker.com*

**Pro Hac Vice Forthcoming*

*Attorneys for Defendants Mama's Creations, Inc., MamaMancini's Inc., and Crown 1 Foods, Inc.*